No. 2074.—CHARLES WIECK *v.* H. V. BABIN, ex sheriff, and others.

A seizure and sale of property under a writ of *fi. fa.* was made on twelve months' credit, for which a twelve months' bond was given with approved security. At the maturity of the bond a *fi. fa.* was issued thereon against the principal and surety and property seized and again sold on twelve months' credit, for which a second twelve months' bond was given with approved security. At the maturity of this second bond execution again issued against the principal and surety. Held—That the second bond was taken without any warrant or authority of law and could not therefore be enforced in the summary manner provided by law for the execution of twelve months' bonds. That execution on the second bond would be stayed by injunction.

APPEAL from the Fifth Judicial District Court, parish of East Baton Rouge. *Posey,* J. *T. P. Greves* and *Fuqua & Callihan* for plaintiff and appellant. *A. S. Herron* and *Favrot & Lamon* for defendants and appellees.

HOWE, J. In 1861 the sheriff of the parish of East Baton Rouge, as tax collector, seized and sold certain property of G. W. Roberts for the purpose of making therefrom the amount of a State license. Laws of 1855, p. 514, § 55.

The sale was made on twelve months' credit, and the purchaser gave, as sureties, on a twelve months' bond, P. A. Kugler and Pliny D. Hardy.

On this twelve months' bond *fi. fa.* issued, and in May, 1866, certain real estate, the property of P. A. Kugler, one of the sureties, was seized and offered for sale for cash, but not bringing its appraised value, as required by the then existing law (Acts of 1866, p. 90), was offered on twelve months' credit. It was thus sold on the fourth August, 1866, and P. A. Kugler, the surety and owner, bid it in and gave a twelve months' bond, with plaintiff in this suit as surety.

In August, 1867, after the maturity of the last bond, a writ of *fi. fa.* was issued on it, and the sheriff seized property of the plaintiff, who thereupon sued out the injunction now before us. There was judgment for defendants, dissolving the injunction, and plaintiff has appealed.

We find no authority in law for the second sale on credit and the taking of the second bond.

If we concede on behalf of the defendants that the first bond was valid, it should have been executed by a sale for cash. C. P. 720, and

act of seventh April, 1826, amending the same. The second section of the act of March 2, 1866, in force in August, 1866, if it apply, does not appear to have changed this rule further than to have required that, upon such sale, the property should be appraised, and realize in cash its appraized value.

Without expressing then, any opinion upon the validity of the second bond as an obligation to been forced *via ordinaria*, we think it clear that it cannot be collected in the summary manner in which the defendants endeavored to proceed. Such summary process requiring no order of a judge, and in this respect swifter even than executory proceedings upon a mortgage, ought to be considered as *stricti juris*, and permitted only where it is clear that the bond, which the obligors acknowledge to have the force of a final judgment, is one given in pursuance of law in proceedings authorized by law.

We have been referred by defendants to several cases in which it has been held by this court that the surety on a twelve months' bond cannot, while his principal retains the property, be heard to allege any irregularities in the sale. 2 La. 360; 9 R. 185; 12 R. 206; 7 An. 542. This rule is well settled, and might be invoked against an attempt to enjoin the first bond. But we apprehend that it cannot be applied to the second bond, now before us, given in proceedings not authorized by law.

For the reasons given, it is ordered and adjudged that the judgment appealed from be avoided and reversed. It is further ordered that the plaintiff have judgment against defendants perpetuating the injunction issued herein on the twenty-fourth August, 1867, with costs in both courts.